## 8939

STATE *EX REL.* LONG, CHAIRMAN, *ET AL.*, COMMISSIONER
FOR CONFEDERATE INFIRMARY, v. JONES, COMP-
TROLLER GENERAL.

(82 S. E. 882.)

STATUTES. INTERPRETATION. VETO OF ITEM IN APPROPRIATION BILL.

Const., art. IV, sec. 23, provides that appropriation bills shall specify
the objects for which the same are made, and appropriate to them,
respectively, their several amounts in distinct items and sec-
tions, and if the Governor shall not approve one or more of the items
or sections, but shall approve the residue, the bill shall become law as
to the residue in like manner as if he had signed it. *Held* that,
where a bill appropriating money for the Confederate Infirmary
divided the appropriation into several numbered items, and item 3
made an appropriation for salary and wages of officers and
employees at the infirmary, according to a specified schedule, the
Governor having vetoed such item, and his veto having been sus-
tained by the House of Representatives, there was no appropriation
for the salaries and wages of employees of the infirmary.

IN THE ORIGINAL JURISDICTION. The facts are stated
in the opinion.

*Mr. C. C. Wyche,* for petitioners.

*Mr. J. Fraser Lyon,* for respondent.

September 24, 1914.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is a petition addressed to the Court in its original
jurisdiction for mandamus to require the respondent to pay
out certain funds alleged to have been appropriated by the
legislature for the support and maintenance of the Con-
federate Infirmary. After rule issued the respondent made
return, and at the hearing all issues of fact raised by the
pleadings were waived and withdrawn, and only the ques-
tions of law were submitted to the Court.

FOOTNOTE.—As to Governor's power to veto particular item in appro-
priation bill, see note in 55 L. R. A. 882; and in 20 Am. & Eng. Ann.
Cases 162-164.

It appears from the facts of the case admitted that the legislature, by section 30 of the appropriation bill, appropriated $16,100 for the maintenance of the Confederate Infirmary, and that was divided in items 1, 2, 3, and 4, and the section 30 is as follows:

Item 1. Pensions, $250,000.00.

Item 2. For maintenance of Confederate Infirmary, not to include any salary, wages, or other compensation to any officer or employee or other person for services of any kind, except the necessary expenses of the members of .the commission in attending the regular meetings of said infirmary as provided by law, $11,100.00.

Item 3. For salaries and wages of officers and employees at said infirmary, and in no case other than as herein provided, to wit:

(1) For commandant, who shall reside on the premises, and have control of the institution subject to the board of commissioners, day and night, a monthly salary not exceeding $50, together with board and lodging, $600.00.

(2) For matron, who shall reside on the premises, a monthly salary of not exceeding $50, together with board and lodging, $600.00.

(3) For physician and all medical services required for the inmates, not exceeding $50 per month, $600.00.

(4) For employees, including cooks, nurses, and other servants or laborers, all not exceeding eight and none to receive more than $25 a month, besides board and lodging on the premises, $400.00.

(5) In accordance with decree of Supreme Court: For services rendered by H. W. Richardson in January and February, 1913, $200.00; for services rendered by Dr. F. W. P. Butler in January or February, 1913, $100.00, $300.00.

*Provided,* That no member of the board of commissioners and no inmate admitted as indigent soldiers shall be paid any salaries for any services: *Provided, further,*

That all officers and employees herein provided for, other than the members of the board of commissioners and physician, shall give their entire time to the duties of their positions on the premises, and no one shall be related to any member of the board of commissioners within the sixth degree.

Item 4. For such current repairs as may be necessary, not to include any enlargement or addition, $500.00.

Total for Confederate Infirmary, $16,100.00.

Total pensions and infirmary, $266,100.00.

*Provided,* No warrant shall be issued by the Comptroller General unless accompanied by a certificate that the above provisions have been complied with.

When the act was presented to his Excellency, the Governor, for approval, he vetoed item 3 of section 30 of the appropriation act passed by the Senate and the House of Representatives for the year 1914, and that veto was sustained by the House of Representatives as appears from the Journal of the House of March 4, 1914. When demand was made upon the Comptroller General for his warrants upon the State Treasurer to pay the officers, employees and help of the infirmary, he refused, as being without authority of law to so do, but alleged that no appropriation was made for that purpose; that the legislature made an appropriation for that purpose, but by reason of the Governor's veto, which was sustained, it failed to become a law. He avers that he has issued, and will issue, warrants for all the amounts appropriated in sec. 30 of the appropriation act, except item 3 of the same, which failed to become law. Article IV, section 23 of the Constitution, reads, in part, as follows: "Bills appropriating money out of the treasury shall specify the objects and purposes for which the same are made and appropriate to them, respectively, their several amounts in distinct items and sections. If the Governor shall not approve one or more of the items or sections contained in the bill, but shall approve the resi-

due thereof it shall become a law as to the residue in like manner as if he had signed it." This language is too plain for doubt. When his Excellency, the Governor, vetoed item 3 of section 30 of the appropriation act, and that veto was sustained, everything embraced in that item failed to become law, and the effort on the part of the petitioners to require the Comptroller General to issue warrants on the State Treasurer must fail, as he is without authority of law to so do; and the petition and application for the mandamus must be denied. Petition dismissed.