22068

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. Rogers T. SMITH, Chief Insurance Commissioner of the State of South Carolina, Respondent.
ALLSTATE INSURANCE COMPANY, Appellant, v. Rogers T. SMITH, Chief Insurance Commissioner of the State of South Carolina, Respondent.

(314 S. E. (2d) 333)

Supreme Court

*Stephen G. Morrison,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellants.*

*L. Kennedy Boggs,* Columbia, *for respondent.*

March 27, 1984.

GREGORY, Justice:

Appellants State Farm Mutual Automobile Insurance Company and Allstate Insurance Company brought these actions challenging the constitutionality of Section 76 of Act 178 of the Joint Acts and Resolutions of 1981 and seeking recovery of assessments paid under protest to respondent Chief Insurance Commissioner. We affirm.

Act 178 of 1981 is the general appropriations act. Section 76 of the Act sets forth the sums of money appropriated to meet the ordinary expenses of the Insurance Department. Section 76 further provides:

> [N]otwithstanding any other provision of law, the Chief Insurance Commissioner, through the rate division, shall assess every automobile insurer transacting automobile insurance in this State for the quarterly costs incurred by the rate division in acting as the statistical agent for such insurers. Such assessments shall be in the proportion that each insurer's written premium in this State for automobile insurance bears to the total written premium for all insurers of automobile insurance in this State.

Pursuant to the mandate of this act, appellants paid under protest their proportion of the costs incurred by the rate division. They then brought actions seeking recovery of the

assessments paid under protest and challenged the constitutionality of Act 178, Section 76 of the Joint Acts and Resolutions of 1981. The circuit court found the act constitutional and denied appellants' requests for recovery of the assessments paid under protest.

Appellants contend Section 76 unlawfully delegates to the Chief Insurance Commissioner the legislature's power to establish, fix, or levy taxes. We disagree.

It is undisputed that the assessments involved constitute a tax; however, the circuit court found Section 76 did not delegate the power to tax to respondent. We agree. As a line item appropriation, the General Assembly appropriated $986,852 for the costs of operating the rate division for fiscal year 1981-82, thereby fixing the aggregate amount of money to be raised by the assessments, and then directed respondent to apportion this amount among the automobile insurers doing business in this State. The only duties delegated to the Chief Insurance Commissioner are ministerial. The General Assembly has determined the amount to be assessed, who shall pay the assessments and in what proportion, and when the assessments shall be paid.

Next, appellants contend Section 76 violates Article X, Section 7(a) of the Constitution in that it calls for a quarterly rather than an annual tax.

Article X, Section 7(a) of the Constitution provides in pertinent part: "The General Assembly shall provide for an annual tax sufficient to defray the estimated expenses of the State for each year." The purpose of this section is to require that the ordinary expenses of government be met from year to year and be paid from the annual income and resources of the State. *Pickelsimer v. Pratt*, 198 S. C. 225, 17 S. E. (2d) 524 (1941).

The obligation Section 76 imposes on the automobile insurer is to pay the operating costs of the rate division incurred during the fiscal year 1981-82, to be collected as they accrue in quarterly installments. Section 76 clearly imposes an annual tax; thus, we find no violation of Article X, Section 7(a) of the Constitution.

Lastly, appellants argue Act 178 is not expressed in the title of the Act. We disagree.

Article III, Section 17 provides: "Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

The title of Act 178 states in part:

> An Act To Make Appropriations To Meet The Ordinary Expenses Of The State Government For The Fiscal Year Beginning July 1, 1981, . . . To Provide For The Operation Of The State Government During The Fiscal Year, . . . And Provide For The Levy Of Assessments, Fees and Licenses At Least Equal To The Amount Of The Annual Appropriation For Such Boards And Commissions . . . .

The subject of appropriation bills is to make appropriations to meet the ordinary expenses of state government and to direct the manner of expending those funds. *Maner v. Maner*, 278 S. C. 377, 296 S. E. (2d) 533 (1982). The test to apply when dealing with appropriations bills is whether the challenged legislation is reasonably and inherently related to the raising and expenditure of tax monies. *Id.* Clearly, Section 76 of Act 178 relates to the raising and expenditure of tax monies and the subject is clearly expressed in the title of the Act.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.