22240
SOUTHERN BANK AND TRUST COMPANY, Appellant, v. HARRISON SALES COMPANY, INC., Respondent.

(328 S. E. (2d) 66)

Supreme Court

*Donald B. Wildman* and *Paul R. Hibbard* of *Johnson, Smith, Hibbard, Cleveland, Wildman & Dennis,* Spartanburg, and *Robert C. Wilson, Jr.,* of *Haynesworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*Shannon Henson* and *Horace C. Smith,* Spartanburg, *for respondent.*

Submitted Feb. 12, 1985.

Decided Feb. 28, 1985.

*Per Curiam:*

The trial judge sustained Harrison Sales Company's demurrer to Southern Bank and Trust Company's complaint. We reverse.

A. E. Pennebaker Company, which is apparently Harrison's factor, presented a draft drawn on Harrison's account. Contrary to Harrison's instructions, Southern paid the draft without Harrison's approval. Southern brought this declaratory judgment action to determine its rights and obligations arising out of the payment of the draft.

In sustaining the demurrer, the judge held that there was not an actual controversy between the parties. We disagree.

A declaratory judgment action must involve an actual, justiciable controversy. *Blue Ridge Electric Cooperative v. Combined Utility System,* 279 S. C. 135, 303 S. E. (2d) 91 (1983). A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute. *Pee Dee Electric Cooperative v.*

*Carolina Power and Light Co.*, 279 S. C. 64, 301 S. E. (2d) 761 (1983).

There is nothing contingent or hypothetical about this action. Southern erroneously paid the draft and now seeks a declaration of its rights. An actual controversy exists between the parties sufficient to support a declaratory judgment action.

Additionally, the judge ruled that Southern lacked standing to bring this action because it had wronged Harrison. While a party may be denied equitable relief under the maixm of clean hands, nothing in the complaint indicates that Southern is guilty of inequitable conduct sufficient to warrant the application of the maxim. 30 C.J.S. *Equity*, § 95; 27 Am. Jur. (2d) *Equity*, § 138. Therefore, the judge erred in sustaining the demurrer on this ground.

Finally, the primary relief sought by Southern was a declaration that it was subrogated to the rights of either Pennebaker or Harrison. The judge held that Southern was not entitled to subrogation because the facts did not come within S. C. Code Ann. § 36-4-407 (1976).

The lower court's view of the availability of subrogation is too restrictive. The remedy of subrogation is highly favored by the courts and is to be liberally and expansively applied. *Collins v. Indemnity Insurance Co. of North America*, 226 S. C. 567, 86 S. E. (2d) 578 (1955); 83 C.J.S. *Subrogation*, § 5b; 73 Am. Jur. (2d) *Subrogation*, § 7. The "remedy is broad enough to include every instance in which one person, not a mere volunteer, pays a debt for which another is primarily liable, and which in equity and good conscience should be discharged by the latter." 83 C.J.S. *Subrogation* § 5a; 73 Am. Jur. (2d) *Subrogation*, § 6; accord, *Calvert Insurance Co. v. James*, 236 S. C. 431, 114 S. E. (2d) 832 (1960).

In our opinion, subrogation may be available under the facts alleged in the complaint. Whether Southern is ultimately entitled to the remedy is an issue which can best be determined after the facts are fully developed at trial.

Having concluded that the demurrer was erroneously sustained, the order of the circuit court is reversed and the case is remanded to the lower court.

Reversed and remanded.