284 S.C. 466 (1985)
327 S.E.2d 654
Ex Parte GEORGETOWN COUNTY WATER AND SEWER DISTRICT, Petitioner.
In re Arthur M. FLOWERS, Jr., W.D. Alexander, Patricia O. Zack, John E. Brooks, and Abie Ladson, individually and representing the taxpayers and customers within the service area of Georgetown County Water and Sewer District and comprising the Georgetown Water and Sewer District; and Georgetown County Water and Sewer District, a body politic and corporate, Plaintiffs,
v.
W. Sherwyn JACOBS, W.T. Bellune, William R. Green, Sr., Herman R. Brown and Dorine Tiller, constituting the Commissioners of Election of Georgetown County; A.B. Schooler, H.E. Hemingway, Kenneth W. Thornton, Jr., Hughey Walker, and Philip Gregory Smith, constituting the members of Georgetown County Council; L.H. Siau, Jr., as the Auditor of Georgetown County; Charles W. Lawrimore, as the Treasurer of Georgetown County; William W. Doar, Jr., T. Dewey Wise, W. Paul Cantrell, Arthur Ravenel, Jr., Glenn F. McConnell, John J. Snow, Jr., and R.L. Altman, constituting the Legislative Delegation of Georgetown County, Defendants.
22255
Supreme Court of South Carolina.
Heard January 21, 1985.
Decided March 11, 1985.
*467 Theodore B. Guerard of McKay & Guerard, Charleston, and John Paul Trouche, Columbia, for petitioner and plaintiffs.
Senior Asst. Atty. Gen. Treva G. Ashworth, and Asst. Atty. Gen. Charles W. Gambrell, Columbia, for defendant Legislative Delegation.
Karen LeCraft Henderson of Sinkler, Gibbs & Simons, Columbia, and Hill, Wyatt & Bannister, Greenville, Amicus *468 Curiae, for S.C. Ass'n. of Special Purpose Districts and James Island Public Service Dist.
Heard Jan. 21, 1985.
Decided March 11, 1985.
Per curiam:
The Georgetown County Water and Sewer District invoked the original jurisdiction of this Court seeking a declaration of the constitutionality of § 70, Part II of Act No. 512 of the General Appropriations Act of 1984. We hold § 70 violates Article III, § 17 of the South Carolina Constitution.
Georgetown County Water and Sewer District is a special purpose district created by the General Assembly in 1967. It provides water and sewer services within its service area, but has no taxing power. It is funded entirely from the revenue it generates.
Section 70 provides that voters residing in a special purpose district may, by referendum, decide between two methods of electing members to the District Board. They may also decide whether the Board will have fiscal autonomy or whether its budget will be subject to approval by the governing body of the county.
A referendum held during the November 6, 1984 election allowed the voters in Georgetown Water and Sewer District to choose whether the District Board would have fiscal autonomy or whether its budget would be subject to approval by Georgetown County Council. The voters decided the Board's budget must be approved by County Council.
Article III, § 17 of the South Carolina Constitution provides that "[e]very Act or resolution being the force of law shall relate to but one subject, and that shall be expressed in the title." Petitioner concedes the subject matter of § 70 is expressed in the title of the 1984 Appropriations Act. It argues the subject matter is not related to the raising and expenditure of State monies and is therefore improperly included in the Appropriations Act. We agree.
The purpose of Article III, § 17 is to "prevent the General Assembly from being misled into the passage of bills containing provisions not indicated in their titles, and to apprise the people of the subject of proposed legislation, thereby giving them an opportunity to be heard." *469 Hercules v. South Carolina Tax Comm'n, 274 S.C. 137, 262 S.E. (2d) 45 (1980). This section "should be liberally construed so as to uphold an act if practicable; however it should not be so liberally construed as to extend it to such a point as to foster the abuses which its provisions are designed to prevent." Maner v. Maner, 278 S.C. 377, 296 S.E. (2d) 533 (1982).
The subject of an appropriations bill is solely to make appropriations to meet the ordinary expenses of state government and to direct the manner in which the funds are to be expended. State Farm Mutual Automobile Insurance Company v. Smith, 281 S.C. 209, 314 S.E. (2d) 333 (1984); South Carolina Tax Comm'n v. York Electric, 275 S.C. 326, 270 S.E. (2d) 626 (1980).
The test to be applied to provisions of an appropriations act is whether the challenged legislation reasonably and inherently relates to the raising and spending of tax monies. Hercules v. South Carolina Tax Comm'n, supra.
Section 70 does not relate to the raising and spending of tax monies. We hold § 70 violates Article III, § 17 of the South Carolina constitution and is invalid. It is unnecessary to address the other issues raised.