22399

Frances B. GREENE, Respondent-Appellant, v. DURHAM LIFE
INSURANCE COMPANY, Appellant-Respondent.

(336 S. E. (2d) 478)

Supreme Court

*O. Allen Alexander* of *McCutcheon, McCutcheon & Baxter,*
Conway, *for respondent-appellant.*

*E. Windell McCrackin* of *McCrackin & Barnett,* Myrtle
Beach, *for appellant-respondent.*

Heard Oct. 9, 1985.

Decided Nov. 4, 1985.

NESS, Chief Justice:

Greene sued Durham Life to recover the proceeds of two
life insurance policies following the death of her husband.
The trial judge granted summary judgment in favor of
Greene on the policies, but denied her request for attorney
fees. Both parties appealed. We affirm.

For approximately ten years, premiums on the policies
were paid by bank draft. The draft for November, 1981, was

returned marked NSF for insufficient funds. Insured was contacted by Durham and he paid the premium. The draft for December, 1981, was returned NSF and Durham's bank, pursuant to an agreement with Durham, reissued the draft. The reissued draft was also returned NSF, and Durham again wrote to the insured. A draft for the January, 1982, payment was paid by insured's bank, and all subsequent premiums were paid until the insured's death — six months later.

The letter to the insured regarding the December payment was written *after* Durham had drafted and accepted the funds for the January, 1982 premium. The letter included a "reinstatement application" which insured completed and returned to Durham. After insured's death, Durham refused to pay the policies on the basis of some allegedly false statement in the reinstatement application.

The trial judge found that Durham's retention of the January, 1982 payment constituted a waiver of the delinquency in the December, 1981 payment. Since the waiver occurred, the policies never lapsed and any misrepresentation in the reinstatement application was immaterial.

Durham alleges the issue of waiver was a jury question and should not have been decided on summary judgment. We disagree. When the facts pertaining to waiver in an insurance case are undisputed, a question of law is presented. *Turner v. Pilot Life Insurance Company*, 238 S. C. 387, 120 S. E. (2d) 223 (1961).

Durham argues it had no actual knowledge the December premium had not been paid when it issued the draft for the January payment. It asserts the knowledge of Wachovia cannot be imputed to Durham, because Wachovia was a collecting bank only and not a general agent.

We need not reach this issue. When Durham *received* the payment for the January premium, it had already received actual notice of the nonpayment of the December premium from Wachovia. Durham's retention of the January premium with knowledge of nonpayment clearly operated as a waiver of its right to lapse the policy. *Turner v. Pilot Life Insurance Company, supra.* The trial judge properly ruled that a waiver had occurred.

Greene asserts error in the trial judge's failure to award her attorney fees under S. C. Code Anno. Section 38-9-320 (1976). The record fully supports the trial judge's finding that Durham's refusal to pay was not unreasonable or in bad faith. Durham should not be penalized for its decision to litigate a meritorious issue. *Madden v. Pilot Life Insurance Company*, 272 S. C. 264, 251 S. E. (2d) 196 (1979).

Affirmed.

GREGORY, HARWELL and FINNEY, JJ., concur.

LITTLEJOHN, Acting Associate Justice, concurs.

CHANDLER, J., not participating.