22884

In the Interest of FRANCIS RICHARD G., Jr., a minor
under the age of 17 years, Appellant.
(371 S. E. (2d) 520)

Supreme Court

*James H. Price, III, P.A.,* Greenville, and *South Carolina
Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M.
Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Joseph
J. Watson,* Greenville, *for respondent.*

Heard April 5, 1988.

Decided June 27, 1988.

*Per Curiam:*

Appellant Francis Richard G., Jr., a juvenile, was found
guilty of murder, assault and battery with intent to kill and
malicious damage to personal property. Appellant was ad-

judicated delinquent and committed to the South Carolina Department of Youth Services for an indeterminate period not to exceed thirty years pursuant to Section 20-7-2170 of the 1985 Code of Laws of South Carolina, as amended. We dismiss this appeal because it lacks a justiciable controversy and contains no issue ripe for judicial determination.

On September 22, 1985, appellant and John Dickinson, an adult, went to Jeff Skeen's residence to steal marijuana. Pete Simmons, an occupant of the residence, was shot by Dickinson as Simmons answered the door. Appellant and Dickinson then entered the residence where they encountered Curtis Robert Hughes. While appellant was in another room, Dickinson killed Hughes.

Appellant has raised four exceptions on appeal in which he alleges, *inter alia,* that the Family Court lacked jurisdiction to sentence him to an indeterminate sentence pursuant to Sections 20-7-2170 and 20-7-400(B) of the 1985 Code of Laws of South Carolina, as amended.

In order to address appellant's arguments on the merits, this court would have to assume that he will remain in the custody of the Department of Youth Services beyond his twenty-first birthday and would be transferred to the Department of Corrections to serve the remainder of his sentence. *See* S. C. Code Ann. § 20-7-2170 (1985). The Department of Youth Services' retention of custody over appellant is not mandatory but discretionary. *Id.* In fact, appellant could be released at the time of his twenty-first birthday. For this reason, we find that there is no justiciable controversy at the present, and the issues raised on appeal are not ripe for judicial determination. *See, e.g., Southern Bank and Trust Co. v. Harrison Sales Co., Inc.,* 285 S. C. 50, 328 S. E. (2d) 66 (1985); *Pee Dee Electric Cooperative, Inc., v. Carolina Power and Light Co.,* 279 S. C. 64, 301 S. E. (2d) 761 (1983); and *Bd. of Trustees Emp. Retirement Sys. v. Kenworthy,* 253 Ga. 554, 322 S. E. (2d) 720 (1984).

Accordingly, appellant's appeal is, hereby, dismissed.