24331

TREASURED ARTS, INC., Appellant v. Joseph J. WATSON, Solicitor of the Thirteenth Judicial Circuit, Respondent.

(463 S.E. (2d) 90)

Supreme Court

*W.N. Moore, Jr.*, Columbia, *for appellant.*

*W. Howard Boyd, Jr.* and *Luanne Lambert Runge, Gibbes and Clarkson,* Greenville, *for respondent.*

Heard Mar. 21, 1995.

Decided Oct. 16, 1995.

TOAL, Justice:

Treasured Arts, Inc. (Treasured Arts) appeals the trial judge's dismissal of its complaint pursuant to Rules 12(b)(1) and 12(b)(6), SCRCP. We reverse and remand in part and dismiss in part.

## FACTS

Treasured Arts, a computer graphics and original prints company, produces and sells limited series collector's cards. To increase its competitiveness in the collector card market, Treasured Arts began a promotional instant win game.

In November 1993 Treasured Arts began the distribution of its game pieces. On January 7, 1994 Joseph Watson (Watson), the solicitor for the Thirteenth Judicial Circuit, informed Treasured Arts' attorney that he believed Treasured Arts' promotion campaign was a lottery in violation of S.C. Code §§ 16-19-10 to -160 (1986 & Supp. 1994) and as the solicitor, it was his duty to enforce the law. The sheriff of Pickens County also ordered Treasured Arts' product removed from a retail store in January 1994. Thereafter, Treasured Arts removed its promotional pieces from all distribution points in Greenville and Pickens counties.

Treasured Arts then instituted this action seeking a declaratory judgment as to whether its promotion is a lottery in violation of S.C. Code §§ 16-19-10 to -160 (1986 & Supp. 1994). Treasured Arts also sought to temporarily enjoin Watson from taking any legal action to prevent Treasured Arts from engaging in the promotion. Watson filed a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1), SCRCP contending no justiciable controversy existed. The trial judge granted Watson's motion. Treasured Arts appeals.

## LAW/ANALYSIS

In granting the motion to dismiss, the trial judge held that there was no justiciable controversy between the parties. We disagree.

A justiciable controversy is a real and substantial controversy which is ripe and appropriate for judicial determination, as distinguished from a contingent, hypothetical or abstract dispute. *Southern Bank and Trust Co. v. Harrison Sales Co.*, 285 S.C. 50, 328 S.E. (2d) 66 (1985). To constitute a justiciable controversy, it "is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute." *Steffel v. Thompson*, 415 U.S. 452, 459, 94 S.Ct. 1209, 1215, 39 L.Ed. (2d) 505 (1974). "When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he 'should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.'" *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 2308, 60 L.Ed. (2d) 895 (1979) (citation omitted).

In *Lucky Calendar Co. v. Cohen*, 36 N.J. Super. 300, 115 A. (2d) 603 (1955), *rev'd on other grounds*, 19 N.J. 399, 117 A. (2d) 487 (1955) the plaintiff also filed a declaratory judgment action seeking to obtain judgment that its sales promotion program was lawful under New Jersey's Lottery Law. As here, Lucky Calendar had also been threatened with prosecution. The Court held that:

> [p]laintiff should not be compelled or obliged to expose itself to the risk of arrest, criminal prosecution and the adverse legal and economic embarrassment accompanying the same, in a effort to secure an adjudication of the legality of its established business. . . . It asserts a definite legal right and since that right is denied by the defendant there exists a justiciable controversy justifying maintenance of an action for declaratory judgment.

*Id.* 115 A. (2d) at 605.

We agree with the holding in *Lucky Calendar* and hold Treasured Arts has stated a justiciable controversy. Watson informed Treasured Arts that its promotion constituted an illegal lottery and that it was his duty to enforce the law. Additionally, the sheriff ordered Treasured Arts to remove its product from one of its stores. Accordingly, we find the trial judge erred in dismissing this case for lack of subject matter jurisdiction.

564

Treasured Arts also claims that the trial judge erred in denying its request for injunctive relief. Based on our review of the record in this case, we conclude that this issue on appeal is moot. *See Mathis v. South Carolina State Highway Dep't*, 260 S.C. 344, 195 S.E. (2d) 713 (1973). The promotion at issue in this case expired on September 30, 1994. Since the term of the promotion has expired, an order for injunctive relief would have no practical legal effect upon the existing case.[1] Thus, we hold that although Treasured Arts had a justiciable controversy when it brought the action, events occurring subsequent to the threatened prosecution but prior to appeal have rendered any injunctive relief moot. Accordingly, no injunctive relief can be granted Treasured Arts.

Reversed and remanded in part, dismissed in part.

FINNEY, C.J., MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[1] We note that the declaratory judgment action was not moot under the doctrine of "capable of repetition yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed. (2d) 350 (1975). Under this doctrine a case is not rendered moot when

(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and
(2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

*Id.* at 149, 96 S.Ct. at 349.