24344

SOUTH CAROLINA COIN OPERATORS ASSOCIATION, George Harrison, Petitioners v. David M. BEASLEY, Governor of the State of South Carolina, Respondent.

(464 S.E. (2d) 103)

Supreme Court

*Dwight F. Drake* and *Carey T. Kilton, Nelson Mullins Riley & Scarborough, L.L.P.,* Columbia, *for Petitioners.*

*Attorney General Charles Molony Condon, Deputy Attorney General Treva G. Ashworth,* and *Assistant Deputy Attorney General J. Emory Smith, Jr.,* Columbia, *for Respondent.*

Heard Sept. 14, 1995.

Decided Nov. 16, 1995.

*Per Curiam:*

The General Assembly sent the 1995-96 Appropriations

Act[1] to Governor Beasley on June 13, 1995, and adjourned *sine die*. The Governor returned the Appropriations Act with his veto message to the Speaker and members of the House on June 29, 1995. At issue here is the validity of veto message number 97 which strikes parts of section 67 of the Act relating to the regulation and licensing of video slot machines. We granted petitioners' request for original jurisdiction.

Petitioners challenge the validity of veto 97 on the following two grounds: first, the Governor exceeded his veto authority by failing to state his objections and second, by improperly vetoing items and sections of a permanent provision.

■ Initially, the Governor urges that this matter is not ripe for judicial review because the General Assembly has not yet attempted to override the vetoes. He asserts the General Assembly should be given the opportunity to review the veto in question because if overridden this matter would be moot. We disagree. The matter before the Court presents a justiciable controversy which is ripe for judicial determination. *Southern Bank & Trust Co. v. Harrison Sales Co., Inc.*, 285 S.C. 50, 328 S.E. (2d) 66 (1985).

The Governor returned the Appropriations Act with a general statement of his intention to reduce the budget and return money to the taxpayers. The Governor stated in Veto Message Number 97:

> I am vetoing Item (B) which provides for licensing of "Video Slot Machines"; Item (C)(1) which increases the biennial license fees; Item (E) which allows for eight machines, eliminates minimum gross proceeds and extends video poker operation until 2:00 AM Sundays; Item (F) which repeals limited cash pay-outs; and, Item (H) which permits counties to impose a business license tax on gross income in addition to the license fee.

S.C. Const. art. IV, § 21 provides that if the Governor does not approve of bills appropriating money he "shall then return the bill with his objections to the items or sections of the same not approved by him to the house in which the bill originated." The term objection in the context of this provision has not been construed previously by South Carolina courts.

---

[1] H.3362, R.211, Act 145, 1995 S.C. Acts.

Petitioners contend the Governor did not properly record his objections to section 67 of the Appropriations Act because he did not give a reason. Courts interpreting similar constitutional provisions have ruled that an objection requires a reason. *Romer v. Colorado General Assembly*, 840 P. (2d) 1081 (Colo. 1992); *Arnett v. Meredith*, 275 Ky. 223, 121 S.W. (2d) 36 (1938); *Jones v. Rockefeller*, 172 W.Va. 30, 303 S.E. (2d) 668 (1983). We find these cases persuasive and agree.

In *Romer*, the governor wrote the words "disapproved and vetoed" on the bills without any additional message. The court ruled the constitution requires the governor in filing his objections to give some reason for his act of disapproval. *Romer*, *supra*. The court in construing the constitution looked to the intent of the Constitutional Convention and determined the purpose of the provision was to give the legislature an opportunity to meaningfully evaluate and consider the governor's objections. The court in *Romer* ruled the vetoes were invalid because the governor failed to give the basis of his vetoes. *Romer* is distinguishable from this case in that the governor only wrote the words disapproved and vetoed on the bill, whereas Governor Beasley provided an introductory message stating his overall reason for the vetoes.

The majority of states construing nearly identical provisions have found that something more than the bare word "vetoed" is required. Nonetheless "[t]o disallow a veto for the complete absence of reasons is to establish an objective standard. . . . To disallow a veto because the Governor's reasons are not 'sufficient' establishes a subjective standard that invites limitless mischief." *Romer*, *supra*. Considering an overall reason has been given, there is not an absence of reason for veto 97. We decline to question the sufficiency, rationality or validity of the reason since a reason is given. *Romer*, *supra*. Therefore, the veto is not invalid on the first ground.

The Governor vetoed parts (B), (C)(1), (E), (F) and (H) of section 67. Although a part of the 1995-96 Appropriations Act, section 67 is a permanent provision which could stand alone as separate legislation. Petitioners contend the line-item veto power does not give the Governor authority to veto portions of general legislation even if contained within an appropriations bill. The Governor urges since permanent

provisions are part of the appropriations bill, he has the same line-item veto authority as in bills appropriating money.

S.C. Const. art. IV, § 21 provides that:

> Bills appropriating money out of the Treasury shall specify the objects and purposes for which the same are made, and appropriate to them respectively their several amounts in distinct items and sections. If the Governor shall not approve any one or more of the items or sections contained in any bill appropriating money, but shall approve of the residue thereof, it shall become a law as to the residue in like manner as if he had signed it. The Governor shall then return the bill with his objections to the items or sections of the same not approved by him to the house in which the bill originated. . . .

While section 67 could stand alone as a separate bill, because it is part of the appropriations bill it is subject to the same constitutional provision authorizing line-item veto authority. *See Ex Parte Georgetown County Water and Sewer District v. Jacobs*, 284 S.C. 466, 327 S.E. (2d) 654 (1985) (permanent provision added to the appropriations bill must relate to the raising and spending of tax monies to be properly included in the appropriation bill).

> The Executive power of veto is ordinarily exercised only with respect to the whole of a bill or joint resolution but with reference to bills appropriating money from the State treasury the constitution expressly makes an exception the rule and as to them the veto may go to any items or sections without impairing the residue.

*Parker v. Bates*, 216 S.C. 52, 56 S.E. (2d) 723 (1949). Accordingly, the constitutional provisions which apply to bills appropriating money apply to the entire appropriations act.

Finally, petitioners insist the Governor can only veto those parts labeled by the legislature as items or sections. The requirement of itemization is to be given a common-sense construction. *Cox v. Bates*, 237 S.C. 198, 116 S.E. (2d) 828 (1960). In *Parker*, the governor vetoed subsections of a section of a bill appropriating money. While the issue in *Parker* was not whether the veto was valid, the court acknowledged that the governor had properly exercised his veto

authority with respect to subsections of the bill. Further, as the Governor points out, longstanding practice has been to veto distinct parts of permanent provisions of various appropriations bills.[2] Long-established practice has great weight in interpreting constitutional provision relative to executive veto power. *White River Lumber Co. v. State of Arkansas ex rel. Applegate*, 279 U.S. 692, 49 S.Ct. 457, 73 L.Ed. 903 (1929).

We hold the Governor properly exercised his veto authority and find the veto is not invalid on the second ground presented by petitioners. Accordingly, only the residue of items not vetoed become law. *Parker v. Bates, supra.*

Veto message number 97 upheld.

---

[2] The following permanent provisions of appropriations bills have been vetoed in part:

(1) Part III, Section 2, Subsection (c) of Act 984, 1970;
(2) Part II, Section 4(D), of Act 234, 1955;
(3) Section 96(e), of Act 368, 1953;
(4) Section 1(h) and part of a sentence in section 1, Act 344, 1949.