503 S.E.2d 455

**John W. DRUMMOND, President Pro Tempore of the South
Carolina Senate, on behalf of the Senate, Petitioner,**

v.

**David M. BEASLEY, Governor of the State
of South Carolina, Respondent.**

No. 24798.

Supreme Court of South Carolina.

Heard Feb. 4, 1998.
Decided June 2, 1998.

W. Hogan Brown and Paula G. Benson, Columbia, for Petitioner.

Attorney General Charles M. Condon, Assistant Deputy Attorney General J. Emory Smith, Columbia, for Respondent.

PER CURIAM:

This matter is before the Court on Original Jurisdiction to determine the effect of certain gubernatorial veto messages returned with the 1997–98 General Appropriation Act, H. 3400, R. 222 and the Capital Reserve Act, H. 3402, R. 223.

## ISSUES

I. May the Governor veto sentences and phrases from an appropriation bill when the text being vetoed is not a distinct item, section, or subsection?

II. May the Governor, through the issuance of a veto message, redirect funds appropriated by the General Assembly?

III. May the Governor combine multiple distinct items, sections, or subsections into a single veto message for reconsideration by the General Assembly?

## ANALYSIS

I. Petitioner challenges the validity of certain vetoes on the ground that the Governor exceeded his authority by vetoing sentences and a phrase which are not distinct items, sections, or subsections of the appropriation bill.[1] Petitioner

---

1. The following vetoes are challenged:

Veto 5: Part IB, section 30.21, Department of Health & Environmental Control: Vital Records Fees, the following sentence: "Any fee increase above the state fiscal year 1997 fee structure shall be returned to the Vital Records Central Office (Office of Public Health Statistics and Information Systems, Division of Vital Records)."

Veto 6: Part IB, Section 33.4, Department of Alcohol & Drug Abuse Services Chemical Dependency Programs, the last four sentences of the proviso as follows:

The Department will present a report to the Governor's Office, to the Senate Finance Committee and to the House Ways and Means Committee no later than December 1, 1997. The Department is authorized to spend one half of the appropriated funds for this

contends that by striking a word, phrase, clause, or sentence, the Governor creates legislation inconsistent with that enacted by the General Assembly. Further, petitioner contends the Governor's power does not extend to modifying legislation.

Petitioner asks the Court to apply the following as a standard of review here: 1) the Constitution vests with the General Assembly the right and sole authority to delineate the parts of an appropriation act, and 2) the Governor may not establish "distinct items and sections" by the selection of specific text, but may only object to "distinct items and sections" pursuant to *S.C. Coin Operators Assn. v. Beasley*, 320 S.C. 183, 464 S.E.2d 103 (1995).

The Governor asserts he has stricken matter which constitute distinct parts that are included under one label. Further, the Governor contends the S.C. Constitution and precedent recognize that distinct parts of legislation appropriating money can be vetoed, including phrases and sentences. We disagree.

The constitutional provision which gives the Governor veto power provides in pertinent part:

> Bills appropriating money out of the Treasury shall specify the objects and purposes for which the same are made, and appropriated to them respectively their several amounts in

project for the first six months of the current fiscal year. The remaining funds for this project for the second half of the fiscal year may only be spent upon the written approval of the Chairman of the Senate Finance Committee and the Chairman of the House Ways and Means Committee after receipt and written approval of the progress report submitted to them on December 1, 1997. The Department is required to include in their [sic] progress report due December 1, 1997, budgetary information on the matching funds for the programs from all sources including, but not limited to, state, federal, county and other local funds.

Veto 11: Part IB, Section 72.42, General Provision: State Owned Aircraft—Maintenance Logs: "The Ethics Commission is authorized to make investigations of state agency records relating to these reporting requirements. Officials violating the 48 hour reporting requirement in this paragraph are subject to a non-suspendable $100 fine."

Veto 19: Part II, Section 54, Video Poker, the first sentence of item S that reads: "Subsections A, I, L, M, N, P, and R of the section are effective November 1, 1997."

Veto 20: Part II, Section 64, Drug Awareness Resistance Education Fund, the phrase "with the advice and consent of the Senate."

distinct items and sections. If the Governor shall not approve any one or more of the items or sections contained in any bill appropriating money, but shall approve of the residue thereof, it shall become a law as to the residue in like manner as if he had signed it. The Governor shall then return the bill with his objections to the items or sections of the same not approved by him to the house in which the bill originated. . . .

S.C. Const. art. IV, § 21.

In *Coin Operators,* the Governor vetoed subsections or parts of a permanent provision. Petitioners in *Coin Operators* asserted the Governor can only veto those parts labeled by the legislature as items or sections. This Court disagreed, stating that the requirement of itemization is to be given a common-sense construction. *Cox v. Bates,* 237 S.C. 198, 116 S.E.2d 828 (1960). However, in *Coin Operators,* the parts vetoed were labeled as subsections. Here the vetoes in question go a step further and strike sentences, words, and phrases of identifiable sections or items of the appropriation bill. Longstanding practice demonstrates that Governors have vetoed entire sections or subsections of appropriation bills. As noted in *Williams v. Morris,* 320 S.C. 196, 464 S.E.2d 97 (1995), both this Court and the United States Supreme Court have found that courts should give weight to long-established practice and legislative interpretations in interpreting constitutional provision relative to executive veto power.[2]

In the majority of instances where governors have exercised the line item veto authority in appropriation bills,. entire Part I or Part II provisions have been vetoed. Such parts were distinctly labeled by the General Assembly. Practice since 1961 demonstrates that governors have generally vetoed whole items distinctly labeled by the legislature. There are a few instances between 1938 and 1961 where governors have vetoed sentences and parts of sentences. However, there has been no legal challenge to the practice of vetoing sentences or phrases. In *Coin Operators,* this Court cited with some

---

**2.** *Citing Okanogan, Methow, San Poelis (or San Poil), Nespelem, Colville, and Lake Indian Tribes or Bands of State of Washington v. United States,* 279 U.S. 655, 49 S.Ct. 463, 73 L.Ed. 894 (1929) which was inadvertently cited in *Coin Operators* as *White River Lumber Co. v. State of Arkansas ex rel. Applegate,* 279 U.S. 692, 49 S.Ct. 457, 73 L.Ed. 903 (1929).

approval, the veto of part of a sentence.[3] This language can be characterized as dicta since the question before the Court did not address the propriety of vetoes of parts of subsections.

States which have dealt with similar vetoes have disapproved of governors striking parts of sections or items. The Iowa Supreme Court in *Rush v. Ray*, 362 N.W.2d 479 (Iowa 1985), held that the item veto power does not contemplate striking out conditions and restrictions alone as items because that would be creating, rather than negating legislation. In *Colton v. Branstad*, 372 N.W.2d 184 (Iowa 1985), the governor vetoed a portion of section 12 of the appropriation bill. The court struggled with what constitutes an item in the appropriation bill. The *Colton* court concluded that those provisions in an appropriation bill which are separate and distinct from other provisions in the same bill, insofar as the subject, purpose, or amount of the appropriation is concerned, are items within the meaning of the constitutional item veto provision. In *Welden v. Ray*, 229 N.W.2d 706 (Iowa 1975), the governor vetoed portions of conditions associated with various appropriations. The plaintiffs challenged whether the power to veto includes the power not only to nullify but also to alter. The court noted the governor "may not distort, frustrate or defeat the legislative purpose by a veto of proper legislative conditions, restrictions, limitations or contingencies placed upon an appropriation and permit the appropriation to stand. [To do so] he would create new law, and this power is vested in the Legislature and not in the Governor." By selectively striking a word, phrase, clause, or sentence, the Governor creates legislation inconsistent with that enacted by the General Assembly. *State ex rel. Coll v. Carruthers*, 107 N.M. 439, 759 P.2d 1380 (1988).

 We have previously decided the governor can veto subsections of the appropriation bill using common-sense construction as to what is an item or section. Viewing past occurrences, Governors have used the line-item veto power to strike similar matter as that challenged here. However, those actions did not reach this Court for review. Further, such prior occurrences cannot enlarge the constitutional authority of the Governor with respect to the right to make vetoes

---

3. Part of a sentence in Section 1, Act 344, 1949.

under Art. IV, § 21. The vetoes of sentences, words and phrases does not meet the common sense construction of an item or section. The Governor has a negative power to void a distinct item. *See State v. Jones,* 99 S.C. 89, 82 S.E. 882 (1914). The veto power can be exercised only when clearly authorized by the constitution, and the language conferring it is to be strictly construed. *Colorado General Assembly v. Lamm,* 704 P.2d 1371 (1985). The challenged vetoes effectively modify legislation rather than nullify legislation. We conclude the Governor can only veto those parts labeled by the legislature as items or sections. S.C. Const. art. IV, § 21. Veto messages 5, 6, 11, 19 in part, and 20 are invalid. *Rush v. Ray, supra; State ex rel. Coll v. Carruthers, supra.*

■ II. Petitioner contends the governor attempted to redirect funds to another purpose through veto 17 combined with various vetoes to monetary items in the Appropriation Act and the Capital Reserve Act. Petitioner challenges the stated reason for the veto wherein the governor states "I am vetoing this item to fulfill my commitment to restore the original manufacturer's depreciation tax reduction."

The Governor contends no issue is presented for this Court to decide. We agree. During oral argument, the Senate conceded that the Governor's veto message expressing this intent does not have the force of law since it is not a legislative act nor an Executive Order. Veto message 17 upheld.

■ III. Petitioner asserts the Governor unconstitutionally returned his objections to multiple distinct items and sections in a single veto message forcing the legislature to reconsider multiple questions as one question. Veto 19 deleted subsections A, I, L, M, N, P, R and part of S of the permanent provision regulating video poker. As petitioner points out, similar action was taken in the Governor's veto message 97 which was challenged in *Coin Operators, supra.* However, no question was raised in *Coin Operators* challenging the combining of objections. We find no constitutional nor legislative requirement prohibiting the Governor from returning vetoes with multiple items or sub-items included within a single objection in appropriation bills. Likewise, there is no specific prohibition against the legislature separately con-

sidering multiple items within an objection. Veto message 19 upheld in part.

## VETO MESSAGES INVALID IN PART AND UPHELD IN PART.