THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lawyers Title
 Insurance Corporation, Respondent,
 
 
 

v.

 
 
 
 Pegasus,
 L.L.C., formerly known as Pegasus, L.L.P., Margaret B. Ebener, Jean B. Seay,
 Inman Land Company, Inc., Rick Inman, Loise Goforth and Coldwell Banker-Tom
 Jenkins Realty, Inc., Defendants,
 of whom
 Pegasus, L.L.C., formerly known as Pegasus, L.L.P. is the Appellant.
 
 
 

Appeal From Richland County
  J. Ernest Kinard, Jr., Circuit Court
Judge

Unpublished Opinion No. 2008-UP-651
 Heard November 5, 2008  Filed December 3,
2008    

AFFIRMED

 
 
 
 Edward M. Woodward, Jr., of Cayce; Glenn E. Bowens and Tony S.
 Catone, both of Blythewood, for Appellant.
 Thomas C. Salane, of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Pegasus, L.L.C. appeals the amount of the circuit courts award to it under a
 title insurance policy issued by Lawyers
 Title Insurance Corporation (Lawyers Title).  Pegasus contends the circuit
 court erred in:  (1) admitting an appraisers supplemental appraisal because it
 asserts the letter was not disclosed to Pegasus prior to trial; (2) failing to
 exclude the supplemental appraisal because it did not qualify as an appraisal
 under the Uniform Standards of Professional Appraisal Practice, or as expert
 opinion under either Rule 702 or 703, SCRE; and (3) failing to find that Lawyers
 Title acted in bad faith in processing its claim.  We affirm pursuant to Rule
 220(b)(2), SCACR, and the following authorities:  (1) Taylor v. Medenica,
 324 S.C. 200, 214, 479 S.E.2d 35, 42 (1996) (finding any error in the admission of improper evidence is harmless where it is merely cumulative
 to other evidence properly admitted); Dixon v. Bresco
 Engg, Inc., 320 S.C. 174, 181, 463 S.E.2d 636, 640 (Ct. App. 1995)
 (finding no abuse of discretion in a courts award that was comparable to the
 testimony of witnesses, where it was the fact finders responsibility to weigh
 and accept or reject the witnesses valuations); Jenkins v. Jenkins, 345
 S.C. 88, 101, 545 S.E.2d 531, 538 (Ct. App. 2001) (recognizing in a family
 court setting, which has a broad scope of review, that the fact finding court
 may accept one partys valuations over those of the other party, and the court
 had acted within its discretion when its valuation was within the range of
 evidence presented); (2) State v. McCray, 332 S.C. 536, 542, 506 S.E.2d
 301, 303 (1998) (finding an argument unpreserved where the contention on appeal
 differed from the partys objection at trial); Commercial Credit Loans, Inc.
 v. Riddle, 334 S.C. 176, 186, 512 S.E.2d 123, 130 (Ct. App. 1999) (stating a
 party cannot raise an argument for the first time in its motion to reconsider,
 alter, or amend when that argument could have been raised to the court before
 the judgment); and (3) Greene v. Durham Life Ins. Co., 287 S.C. 197, 199,
 336 S.E.2d 478, 479-80 (1985) (finding when a meritorious issue is in dispute,
 an insurers actions defending its rights under the policy is not without
 reasonable cause or in bad faith).   
AFFIRMED.
HEARN,
C.J., and SHORT, J., and KONDUROS, J., concur.