22766

The STATE, Respondent v. Lee Grant BELLAMY, Appellant.

(359 S. E. (2d) 63)
Supreme Court

*Asst. Appellate Defender Daniel T. Stacey, Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard June 10, 1987.

Decided Aug. 10, 1987.

HARWELL, Justice:

Appellant was convicted of murder and criminal conspiracy. He received the death penalty and five years, respectively. This case consolidates appellant's direct appeal and our mandatory review of the death sentence, pursuant to S. C. Code Ann. § 16-3-25 (1976, as amended). We reverse and remand.

On February 11, 1986, appellant bought a .38 caliber pistol at a pawn shop. On February 28, 1986, appellant killed the victim by shooting him five times in the head at close range. At trial, the state contended that this was a contract killing or murder for hire. The state attempted to prove that appellant's co-defendant, Von Ceil Lewis (Lewis), hired him to kill the victim, Roland Vereen (Vereen). Lewis' alleged motive was to prevent Vereen from continuing to steal items from her home as she believed he had been doing since she had refused to continue selling drugs for him. Appellant contended that while his co-defendant had repeatedly asked him to kill Vereen, he had refused to do so. He claims that he shot Vereen in self-defense after Vereen pulled a gun on him.

Appellant contends that the trial court's charge failed to comply with the self-defense charge suggested in *State v. Davis,* 282 S. C. 45, 317 S. E. (2d) 452 (1984) and made man-

datory in *State v. Glover*, 284 S. C. 152, 326 S. E. (2d) 150 (1985). We agree.

In its charge, the trial court properly set forth the four elements of self-defense. The trial court erred, however, in the subsequent portion of its charge dealing with the burden of proof in self-defense cases. The jury was instructed that the accused is required to establish the plea of self-defense by the preponderance or the greater weight of the evidence. After explaining what is meant by "a preponderance of the evidence," the trial court stated, "and that's the standard, that's the burden that the defendant must carry in order to prove the defense of self-defense in this case."

This charge is in direct contravention of the model ■ charge given in *Davis, supra*, and made mandatory in *Glover, supra*. The relevant portion of the self-defense charge as set forth in *Davis* states, "If you have a reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense, then you must find him not guilty. On the other hand, if you have no reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense then you must find him guilty." 282 S. C. at 46, 317 S. E. (2d) at 453. It is clear that the defendant need not establish self-defense by a preponderance of the evidence but must merely produce evidence which causes the jury to have a reasonable doubt regarding his guilt.[1]

Respondent contends that under the recent United States Supreme Court case of *Martin v. Ohio*, _____ U. S. _____ , 107 S. Ct. 1098, 94 L. Ed. (2d) 269 (1987), a state may require a defendant to prove self-defense by a preponderance of the evidence. We need not address this. While the charge may be constitutionally permissible, it does not comport with South Carolina law.

---

[1] As Professor McAninch observed, "The clear implication of the proposed instruction in *Davis* is that self-defense is no longer to be considered an affirmative defense which must be established by the defendant by a preponderance of the evidence. [I]f any reasonable doubt remains as to self-defense, the jury must acquit." W. McAninch & W. Fairey, *The Criminal Law of South Carolina*, 101 (Supp. 1986).

The case must be reversed and remanded for a new trial.

For the benefit of the bench and bar we wish to comment on the following issues which may arise during retrial.

We urge the state to carefully consider all the available alternatives before deciding to try co-defendants jointly, especially in a capital case. While we realize there will be circumstances in which a joint trial will be the best route to follow, the decision to pursue this route should be made only after giving due deliberation to the inherent. problems, such as redacted statements, which arise from joint trials.

When a defendant's prior criminal record is properly introduced at trial, the judge should charge the jury to consider that information only for the limited purpose of impeachment of the defendant's credibility. *See, e.g.,* *State v. Smalls,* 260 S. C. 44, 194 S. E. (2d) 188 (1973); *State v. Van Williams,* 212 S. C. 110, 46 S. E. (2d) 665 (1948).

Uncommunicated threats made by a deceased against a defendant are admissible. *State v. Griffin,* 277 S. C. 193, 285 S. E. (2d) 631 (1981).

It is the best for the solicitor not to comment on the defendant's non-testimonial behavior.

A judge should not comment on how the jury may interpret a defendant's decision to not take the stand.

The defendant's attorney, not the judge, should discuss this matter with the defendant. The judge may. ask the defendant whether his lawyer has fully explained the pros and cons of testifying as well as of not testifying. Statements from the bench which go beyond this are in clear danger of violating our holdings in *State v. Cooper,* 291 S. C. 332, 353 S. E. (2d) 441 (1987); *State v. Pierce,* 289 S. C. 430, 346 S. E. (2d) 707 (1986); and *State v. Gunter,* 286 S. C. 556, 335 S. E. (2d) 542 (1985).

The judge has a duty to review all statutory mitigating circumstances and instruct the jury as to any which may be supported by the evidence and not merely those which are requested by the defendant. *See* S. C. Code Ann. § 16-3-20(C) (1976). In deciding which statutory mitigating circumstances may be supported, the judge is concerned only with the existence of the evidence and not its weight. *State v. Pierce,* 289 S. C. 430, 346 S. E. (2d) 707 (1986);

*State v. Butler*, 277 S. C. 452, 290 S. E. (2d) 1 (1982). In *Pierce, supra,* we held that if there is evidence that the defendant could be under the influence of alcohol or drugs at the time of the killing, the judge should charge the jury as to S. C. Code Ann. § 16-3-20(C)(b)(2), (6) and (7) (1976).

The idea should be conveyed to the jury that its sentencing recommendation will be followed. *See State v. Linder,* 276 S. C. 304, 278 S. E. (2d) 335 (1981).

A jury should not be instructed to "weigh" the aggravating circumstances against the mitigating circumstances. *State v. Plath,* 281 S. C. 1, 313 S. E. (2d) 619 (1984). The jury should be instructed to "consider" any mitigating circumstances as well as any aggravating circumstances. *See* S. C. Code Ann. § 16-3-20(C) (1976).

While the failure to charge the jury not to draw an adverse inference from the defendant's failure to testify in the sentencing phase is not reversible error when no request is made, it is better for the trial court to give the "no adverse inference" charge in both the guilt and penalty phase of a capital case when the defendant does not take the stand. *See State v. Arthur,* 290 S. C. 291, 350 S. E. (2d) 187 (1986).

Reversed and remanded.

NESS, C. J., GREGORY and FINNEY, JJ., and LITTLEJOHN, Acting Associate Justice, concur.