22893

The STATE, Respondent v. Jerry William PLEMMONS, Appellant.
(370 S. E. (2d) 871)

Supreme Court .

*Deputy Chief Atty. Elizabeth C. Fullwood* of *The South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Gwendolyn L. Fuller,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Heard May 2, 1988.

Decided Aug. 1, 1988.

GREGORY, Chief Justice:

Appellant was convicted of murder and armed robbery and sentenced to death in February 1984. The convictions and sentence were affirmed on appeal to this Court. *State v. Plemmons,* 286 S. C. 78, 332 S. E. (2d) 765 (1985). On writ of certiorari, however, the United States Supreme Court subsequently remanded this case for resentencing under *Skipper v. South Carolina,* 476 U. S. 1, 106 S. Ct. 1669, 90 L. Ed. (2d) 1 (1986). Appellant was again sentenced to death in May 1987 and he now appeals. We reverse and remand for a new sentencing proceeding.

Appellant killed Pearl Plemmons, his 72-year-old adoptive grandmother, by shooting her in the chest at close range. At trial, there was repeated testimony that appellant and the victim had been drinking all day and that both were drunk at the time of the shooting. Appellant contends the trial judge erred in failing to sua sponte charge the jury the statutory mitigating circumstances set forth in S. C. Code Ann. § 16-3-20(C)(b)(2) and (6) (Supp. 1987). We disagree.

In *State v. Pierce,* 289 S. C. 430, 346 S. E. (2d) 707 (1986), this Court held statutory mitigating circumstances (2), (6), and (7)[1] must be submitted to the jury when there is evidence of voluntary intoxication. This requirement applies even absent a request. *Id.: see also State v. Bellamy,* 293 S. C. 103, 359 S. E. (2d) 63 (1987).

In the case before us, the trial judge omitted mitigating circumstances (2) and (6) but charged the jury several specific nonstatutory mitigating circumstances including: "the effect of alcohol on the defendant." This charge clearly submitted the issue of intoxication for the jury's consideration. We hold statutory mitigating circumstances (2), (6), and (7) are required when there is evidence of intoxication only in the absence of a specific charge regarding intoxication as a mitigating circumstance.

After the trial judge charged the jury, the jury posed a question regarding appellant's parole eligibility. The trial judge responded:

It's my understanding from the cases that I have read, that you are not to concern yourself with that. The question that goes to you as a jury is, what is your recommendation to this Court, is it the death penalty or is it life imprisonment?

---

[1] These statutory mitigating circumstances are:

(2) The murder was committed while the defendant was under the influence of mental or emotional disturbance;
(6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired;
(7) The age or mentality of the defendant at the time of the crime.

S. C. Code Ann. § 16-3-20(C)(b)(2), (6), and (7) (Supp. 1987).

Appellant contends this charge does not comply with *State v. Norris*, 285 S. C. 86, 328 S. E. (2d) 339 (1985), which requires that in response to such a question from the jury, the judge must instruct them: (1) not to consider parole; and (2) the terms "life" and "death" are to be understood in their ordinary and plain meaning. We agree.

In the recent case of *State v. Johnson*, 293 S. C. 321, 360 S. E. (2d) 317 (1987), we specifically held it is error under *Norris* to omit the explanation of the terms "life" and "death" even if the "no concern" charge is given as in this case. We hold the trial judge erred in failing to give the complete *Norris* charge.

Compounding this error, the trial judge failed to apprise the jury its sentencing recommendation would be followed. *State v. Bellamy, supra.* The record is devoid of any statement by the trial judge that would have conveyed this idea to the jury. *Cf. State v. Middleton*, 368 S. E. (2d) 457 (S. C. 1988). We hold this was error.

We need not address appellant's remaining exceptions. Accordingly, this case is reversed and remanded for a new sentencing proceeding.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.