Charles Junior WILES,
Petitioner–Appellee,

v.

George ROOF, Superintendent; Attorney
General of South Carolina,
Respondents–Appellants.

Daryl McFADDEN, Petitioner–Appellee,

v.

William LEEKE, Commissioner, South
Carolina Corrections Department,
Respondent–Appellant.

Nos. 88–7052, 88–7553.

United States Court of Appeals,
Fourth Circuit.

Argued June 23, 1988.

Decided Aug. 19, 1988.

Frank L. Valenta, Jr., Asst. Atty. Gen., Donald John Zelenka, Chief Deputy Atty. Gen. (T. Travis Medlock, Atty. Gen., Columbia, S.C., on brief), for respondents-appellants.

Terrell T. Horne, David W. Goldman, Bryan, Bahnmuller, King, Goldman & McElveen, Sumter, S.C., on brief, for petitioner-appellee Charles Junior Wiles.

Clark Dickenson Hopkins, Jr., North Charleston, S.C., for petitioner-appellee Daryl McFadden.

Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

ERVIN, Circuit Judge:

These two cases involve the validity of voluntary manslaughter convictions where self-defense was alleged as an affirmative defense. The district court granted writs of habeas corpus in each case finding that the jury instructions impermissibly shifted the burden to defendants to show that they did not act with malice because they acted in self-defense. Because malice is not an element of the crime of voluntary manslaughter, we find the erroneous instructions to be harmless and reverse.

Charles Junior Wiles admitted shooting and killing his brother-in-law, Alfred Kenlin, on May 19, 1982. He claimed he acted in self-defense because his victim had a knife. Testimony showed, however, that he shot him twice while in the kitchen, and then followed him into the dining room where he shot him several more times.

At trial, the court instructed the jury that the state had the burden of proving Wiles' guilt beyond a reasonable doubt as to each element of the crime. Because Wiles asserted self-defense, the court also instructed the jury

> The defense of self-defense is an affirmative defense, and the burden is on the defendant to establish it by the greater weight or preponderance of the evidence, but not beyond a reasonable doubt.

Still, the court reminded the jury several times that the burden remained with the state to prove Wiles' guilt beyond a reasonable doubt, and that the assertion of self-defense did not alter that burden. The jury convicted Wiles of voluntary manslaughter.

Daryl McFadden admitted killing Shawn Robinson and wounding Brian Davis in a shooting incident on May 1, 1983. Robin-

son threatened to take McFadden's shirt, and a struggle ensued. Davis intervened, and McFadden shot both men with a gun that had been strapped to his ankle. McFadden claimed to have seen Robinson reach for a gun, but no gun was ever found.

The trial court gave the McFadden jury instructions similar to those from the Wiles trial. As to self-defense, the court stated

I instruct you that self-defense is what is called in law [an] affirmative defense. The burden is on the Defendant Mr. McFadden to establish the defense of self-defense by the preponderance or greater weight of the evidence in this case but not beyond a reasonable doubt.

As in the Wiles case, the court told the jury that the state had to prove every element beyond a reasonable doubt, and that the plea of self-defense did not alter that burden but merely provided an additional area of possible doubt. McFadden, like Wiles, was convicted of voluntary manslaughter.

Wiles filed his petition for a writ of habeas corpus on December 5, 1984, and McFadden filed on March 19, 1985. Both argued that the jury instructions on self-defense impermissibly shifted the burden of proof as to the malice element of murder from the state to them. The district court agreed. Judge Perry granted both writs on January 14, 1988, and judgment was entered on February 11.

The issue of whether the South Carolina law[1] concerning self-defense impermissibly shifted the burden of proof has been before this court on a number of occasions with mixed results. *See, e.g., Griffin v. Martin,* 785 F.2d 1172 (4th Cir.), *vacated,* 795 F.2d 22 (1986) (en banc) (an evenly divided court affirmed the district court's denial of writ), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1376, 94 L.Ed.2d 691 (1987); *Thomas v. Leeke,* 725 F.2d 246 (4th Cir.), *cert. denied,* 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148

(1984) (finding instructions similar to those here to be confusing and conflicting, and thus a violation of due process). In *Thomas* and *Griffin,* the petitioners argued that self-defense, which legally justifies a killing, and malice are inconsistent, that self-defense negates malice. Thus, making a defendant prove self-defense requires him to disprove malice, an essential element of murder in South Carolina. This, they argued, constitutes an impermissible shifting of the burden of proof that violates their due process right to have the state prove every element of a crime beyond a reasonable doubt. The Supreme Court has considered the issue under Ohio law, although malice is not an essential element of murder in Ohio. *See Martin v. Ohio,* 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987) (making self-defense an affirmative defense that a defendant must prove does not violate due process by impermissibly shifting the burden as to an essential element of murder as defined in Ohio).

The issue in the cases before us today differs from all the rest in one important way—Wiles and McFadden were convicted of voluntary manslaughter, a crime which does not include malice as an essential element. The jury did not find malice in convicting them, so any error going to the burden of proving malice is harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). The jury also did not find that either petitioner acted in self-defense, but the Supreme Court has said that the burden of proving self-defense can be put on the defendant. *Martin,* 480 U.S. at 233, 107 S.Ct. at 1102, 94 L.Ed.2d at 274.

Because malice is not an element of the crime of voluntary manslaughter, the errors alleged by petitioners in these cases

---

**1.** After this court's decision in *Thomas v. Leeke,* 725 F.2d 246 (4th Cir.), *cert denied,* 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984), the South Carolina Supreme Court changed the law of self-defense. When a defendant asserts self-defense under the new scheme, it is considered within the reasonable doubt burden of the pros-

ecution, not as an affirmative defense to be proved by the defendant. *See State v. Bellamy,* 293 S.C. 103, 359 S.E.2d 63 (1987); *State v. Glover,* 284 S.C. 152, 326 S.E.2d 150 (1985); *State v. Davis,* 282 S.C. 45, 317 S.E.2d 452 (1984).

are harmless. Therefore, we reverse the district court's grant of both petitioners.

REVERSED.