23312

The STATE, Respondent v. James Lee SINGLETON, Appellant.

(400 S.E. (2d) 487)

Supreme Court

*Asst. Appellate Defender Tara Dawn Shurling, S.C. Office of Appellate Defense,* Columbia, and *Asst. Public Defender James A. Stoddard, Sumter County Public Defender's Office,* Sumter, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Dec. 10, 1990.

Decided Jan. 21, 1991.

HARWELL, Justice:

Appellant James Lee Singleton was indicted, along with two co-defendants, for armed robbery, possession of a weapon during a violent crime, and criminal conspiracy. Appellant was convicted of all three offenses. The only issue we address is whether the trial judge erred in refusing to redact physical descriptions from a statement given by a nontestifying co-defendant. We reverse.

## I. FACTS

The charges against appellant and his co-defendants, James Simon and Alvin Milton Sessions, arose out of the armed robbery of James Pearson (victim). The victim testified that on August 22, 1988, he went to a grocery store in Sumter to cash his paycheck and to shop. As he stood in the checkout line, he was approached by Sessions, who asked him for two dollars. When he did not respond, Sessions followed the victim to his car, where the victim gave Sessions a dollar and some change. Sessions then walked away and got in a car with two other men.

As the victim drove home, he noticed that Sessions and the two other men were following him. The victim pulled into his driveway, and the car behind him pulled into a side street and turned around. The victim testified that appellant walked up to his car, pointed a pistol in the car and demanded he turn over his money. When the victim hesitated, appellant fired a shot into the back of the car, and warned him that the next bullet would be fired at his head. The victim gave appellant his wallet which contained $128.00. Appellant then returned to the car and fled.

## II. DISCUSSION

Sessions made a pre-trial statement in which he admitted his presence at the scene of the armed robbery, but denied his specific involvement in the crime. In his statement, Sessions claimed that the robbery was perpetrated by the two other individuals who were in the car with him. Sessions also stated that an individual named "Jimmy Lee" had been involved in the robbery. However, due to the fact that appellant's name is "James Lee" Singleton, the statement was redacted for references to the name "Jimmy Lee" to insure that the jury would not construe Sessions' statement as implicating appellant. Sessions' statement also provided physical descriptions of the other men in the car. Appellant asked the trial judge to redact any descriptions given by Sessions in the statement, but he refused. At trial, Sessions did not testify.

Appellant argues that his Sixth Amendment right of confrontation was violated by the failure of the trial judge to require redaction of the physical description in Sessions' statement. Appellant contends that Sessions' state-

ment implicated him because the physical descriptions matched appellant's general appearance and thus, could have been construed by the jury as describing appellant. As a result, appellant argues that the physical descriptions incriminated him and should have been redacted from the statement because appellant did not have the opportunity to cross-examine Sessions regarding the descriptions. We agree.

In *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968), the Supreme Court held that a defendant's Sixth Amendment right of confrontation is violated if the jury is presented with a nontestifying co-defendant's confession which also incriminates the defendant. We conclude that the trial judge's refusal to redact the physical descriptions from the statement constituted a violation of *Bruton.* Although Sessions' statement does not expressly implicate appellant by name, we find that the physical descriptions had the same effect; they incriminated appellant by implicating him as an accomplice. Thus, we hold that physical descriptions must be redacted from a nontestifying co-defendant's statement in order to protect a defendant's right of confrontation. *See Harrington v. California,* 395 U.S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284 (1969) (holding that the admission of a nontestifying co-defendant's statement which described defendant by race, age, height and weight was a violation of *Bruton).* Further, we reject the contention that the introduction of Sessions' statement was harmless error beyond a reasonable doubt. We cannot conclude that the statement did not affect the result of the trial in that there was not overwhelming evidence of appellant's guilt. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705 (1967); *State v. Reeves,* ___ S.C. ___, 391 S.E. (2d) 241 (1990); *State v. Darby,* 297 S.C. 459, 377 S.E. (2d) 340 (1989).

Finally, we admonish trial judges to be cautious in allowing joint trials. While joint trials are permissible, trial judges must carefully consider problems which may arise from a joint trial, such as redacted statements, and must assure protection of a defendant's constitutional right to confront witnesses against him. *See State v. Bellamy,* 293 S.C. 103, 359 S.E. (2d) 63 (1987). Since we reverse, we need not address appellant's other contentions.

Reversed and remanded for a new trial.

GREGORY, C.J., TOAL, J., and SANDERS and GARDNER, Acting Associate Justices, concur.