1840

The STATE, Respondent v. William SMITH, Appellant.

(419 S.E. (2d) 816)

Court of Appeals

*Deputy Chief Atty. Joseph L. Savitz, III,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Rakale B. Smith,* Columbia, and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard June 8, 1992.

Decided June 22, 1992.

SANDERS, Chief Judge:

Appellant William Smith was convicted of first degree criminal sexual conduct with a minor and sentenced to 30 years in prison. We reverse the conviction and remand the case for a new trial.

The State's case was not overwhelming. The minor child was six years old at the time of the trial. She testified that the defendant raped her when she was three years old. At the

time, she was living with him, her mother, and her sister. She called him "daddy." She testified the rape occurred when everyone else had gone to the store. At times, her testimony was very confused. She testified that the defendant had sexual intercourse with her on only one occasion, but that her brother and her grandfather had also raped her. However, she also testified that her brother had not raped her. A physical examination by a pediatrician confirmed that she had been sexually abused, but there was no evidence, other than her testimony, as to who had abused her.

The dispositive issue on appeal is whether the trial judge erred in allowing a social worker to testify as to the wretched condition of the home in which the defendant, the children, and their mother lived. Over the defendant's objection, the social worker testified, in great detail, that they all lived in one room of a four-room house, the house was filthy, with old food over the floor, ground-in dirt, and "bugs and flies that were crawling all over the floor." The trial judge should not have allowed this testimony.

Evidence of other bad acts is not admissible to show criminal propensity or to demonstrate that the defendant is a bad person. *Mitchell v. State*, 298 S.C. 186, 379 S.E. (2d) 123 (1989). The testimony as to how the defendant lived is wholly irrelevant to the question of whether he is guilty of the crime with which he is charged. The fact that a person lives in abject squalor or in great splendor has nothing whatever to do with whether the person is guilty of having committed a crime. Criminality is not the exclusive province of any particular lifestyle. Crime happens in the suites as well as the streets. Thus, the law wisely recognizes that a defendant has the right to be found guilty or not guilty based on the evidence of what the defendant has done, not how the defendant lives. *Cf. Mitchell v. State*, 298 S.C. 186, 379 S.E. (2d) 123 (The Court granted postconviction relief, based on ineffective assistance of counsel, because counsel had failed to object to testimony that the defendant was a member of the Mafia and engaged in devil worship.).

In view of the tenuous nature of the other evidence, we cannot say that the testimony as to how the defendant lived was harmless beyond a reasonable doubt. *Cf. State v. Singleton*, 303 S.C. 313, 315, 400 S.E. (2d) 487, 488 (1991) ("[W]e reject

the contention that the introduction of [the defendant's] statement was harmless error beyond a reasonable doubt. We cannot conclude that the statement did not affect the result of the trial in that there was not overwhelming evidence of [the defendant's] guilt.").

Accordingly, the conviction is reversed and the case is remanded for a new trial.

Reversed and remanded.

GARDNER and SHAW, JJ., concur.