514 S.E.2d 754

**The STATE, Respondent,**

v.

**Natalio A. PEREZ, Appellant.**

**No. 24921.**

Supreme Court of South Carolina.

Heard Feb. 17, 1999.

Decided March 22, 1999.

Chief Attorney Daniel T. Stacey, of Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland, all of Columbia; and Solicitor W. Townes Jones IV, of Greenwood, for respondent.

MOORE, Justice:

Appellant was convicted of murder and sentenced to life. We affirm.

## FACTS

Four days after their marriage, appellant murdered his wife, Brenda Connelly. Brenda's 11–year–old son testified he

saw appellant stab his mother. Brenda was stabbed five times and the wounds were so severe that she was almost decapitated. Appellant contended at trial that Brenda had threatened to kill herself and he was merely attempting to get a knife away from her when she fell on it.[1]

## ISSUE

Did the trial court err in denying appellant an interpreter to translate his criminal trial thereby violating appellant's Sixth Amendment rights to confront witnesses and be present at his trial?

## DISCUSSION

■ On appeal, appellant contends the trial judge erred by denying appellant an interpreter. We disagree.

Appellant made a pre-trial motion requesting that the interpreter at his trial be allowed to translate everything said in the courtroom. The trial court stated he would allow the interpreter to translate the questions for appellant and, if appellant testified, both the questions and answers. Appellant then asked for pauses in the trial at certain crucial points to allow the interpreter time to explain the proceeding to appellant. The trial judge stated, "Well, I assume the interpreter is—has been in the business long enough that she can sit there and interpret for him everything that's going on. If it gets to be a problem, if you will let me know, then we'll cross that bridge when we come to it." Nothing further was said.

Appellant never objected to the trial court's ruling as to the pauses in the trial and he never informed the trial judge of any problems. Accordingly, these arguments are procedurally barred. *State v. Williams*, 303 S.C. 410, 401 S.E.2d 168 (1991) (issue not raised to and ruled on by the trial court is not

---

**1.** Although this was the majority of appellant's testimony, there was also testimony and it was argued that Brenda was cheating on appellant and he committed the murder in an act of jealousy. Ultimately, only murder and voluntary manslaughter were submitted to the jury—not accident or self-defense.

preserved for appeal). *See also State v. Mitchell,* 330 S.C. 189, 498 S.E.2d 642 (1998) (whether trial judge erred in not granting recess is procedurally barred because, while counsel indicated he might need recess, counsel never actually requested one).

■■■ Appellant also contends the trial judge erred in failing to administer an oath to the interpreter.[2] Appellant never objected to the failure of the trial judge to administer the oath to the interpreter.[3] *See, e.g. State v. Rosa,* 47 Ohio App.3d 172, 547 N.E.2d 1232 (1988) (defendant waived trial court's failure to administer oath to interpreter by failing to object); *People v. Avila,* 797 P.2d 804 (Colo.App.1990) (defendant waived error of trial court's failure to administer oath to interpreter when he failed to object); *State v. Puente–Gomez,* 121 Idaho 702, 827 P.2d 715 (1992) (failure to object precludes reversal for failure of trial court to administer oath to interpreter). Accordingly, these arguments are procedurally barred and appellant's conviction and sentence are

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.

---

**2.** The interpreter was sworn prior to petitioner's testimony, but petitioner alleges the interpreter should have been sworn at the beginning of the trial. An interpreter is considered a witness in the sense that the accuracy of her translation is a question of fact for the jury which may be disputed by counsel. *State v. Puente–Gomez,* 121 Idaho 702, 827 P.2d 715 (1992). While the administration of the oath to a witness is fundamental to give the witness's testimony binding force, in the absence of a timely objection, unsworn testimony does not constitute a nullity. Further, "[n]o constitutional provision is violated when unsworn testimony is received." 81 Am.Jur.2d *Witnesses* § 712 (1976).

**3.** The General Assembly recently enacted two statutes which address interpreters and their qualifications in trials when a party or witness does not speak English well enough to testify. S.C.Code Ann. §§ 17–1–50 and 15–27–155 (Supp.1998). These statutes became effective after petitioner's trial and thus are inapplicable in this case.