525 S.E.2d 901

**The STATE, Respondent,**

v.

**Jerome ADDISON, Appellant.**

**No. 3082.**

Court of Appeals of South Carolina.

Heard Nov. 3, 1999.

Decided Dec. 6, 1999.

Rehearing Denied Jan. 29, 2000.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor David P. Schwacke, of N. Charleston, for Respondent.

ANDERSON, Judge:

Jerome Addison was convicted of assault and battery with intent to kill (ABIK) and kidnapping. He was sentenced to life imprisonment without the possibility of parole. On appeal, Addison argues the trial court erred in refusing to instruct the jury that the State must disprove self-defense beyond a reasonable doubt. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Addison was charged with two counts of first degree criminal sexual conduct,[1] one count of ABIK, and one count of kidnapping. Around 10:00 p.m. on February 14, 1996, Debra Brown went to a neighborhood club and had a few drinks. While at the club, Brown had a conversation with Addison, whom she had met previously through a mutual friend. After talking for a while, Addison offered Brown a ride home and she accepted. Along the way, he stopped to get gas and bought Brown a beer. According to Brown, Addison stopped at the Palms Apartments and bought some crack cocaine. When he returned to the car, he was angry. Brown became

---

1. The jury acquitted Addison of the criminal sexual conduct charges.

frightened and tried to open the door of the car to get out. Addison grabbed Brown by the neck, pulled her back in, and instructed her "to sit still."

Addison drove to a wooded area, pulled Brown out of the car, and raped her. He made her get in the floorboard of the car until they reached a trailer Addison's mother owned. Addison dragged Brown into the trailer. When she tried to escape, he beat her with his fists and a tire iron. Addison smoked the crack cocaine. He again raped Brown. Brown smoked some of the crack after Addison attempted to shove one of the rocks down her throat. Addison threatened to kill Brown's children if she told anyone. Around 6:00 a.m. the next morning, Addison dropped Brown off at a shopping center near her house. Brown walked to her sister's house. Because Brown was severely injured, her sister called an ambulance to take her to the hospital. Brown's face was severely cut, bruised, and swollen. She had major trauma to her neck and upper body.

Addison's story differed substantially from Brown's account of the facts. Addison claimed the victim agreed to have sex with him in exchange for drugs. He said they smoked the crack cocaine together and then engaged in consensual sex. When they ran out of drugs, Addison left the trailer and purchased more drugs. When he returned, Addison drove Brown to the store and bought some beer. The couple went back to the trailer. At that point, Brown refused to have sex with Addison. He tried to convince Brown to have sex with him again by allowing her to smoke more crack. When she would not agree to have sex with him, Addison withheld the drugs. According to Addison, Brown became angry and attacked him with "a piece of working material." He maintained he beat her in order to protect himself and to try and "disarm" her. He claimed "all [he] wanted her to do was quit."

At trial, the judge charged the jury the defendant had the burden of proving each element of self-defense by the preponderance of the evidence. Defense counsel objected to the charge and moved for a mistrial. The court denied the mistrial but gave the following curative instruction:

Mr. Foreman, Ladies and Gentlemen, I don't mean to confuse you, but there's one matter I do want to clarify. When we discussed the issue of self-defense to the assault and battery or the assault and battery with intent to kill, if the state's proven beyond a reasonable doubt to your satisfaction, the evidence of that can arise from anything in this particular trial. The defense doesn't have to prove it. If you find that self-defense arises, the, of course, you cannot find him guilty of any of assault and battery type charges.

So I'm telling you that they don't automatically have to prove it. If you find that within the evidence, it's there and the fact that you find it or talk about it raises a reasonable doubt, then the State hasn't proven it because you've established a reasonable doubt. I hope that's clear because you can use the self-defense in several different ways.

After the curative charge, defense counsel asserted: "Your Honor, I still believe that the prosecution must disprove." The judge ruled: "I'm not going to tell the jury that the prosecution has the burden of disproving self-defense beyond every reasonable doubt because that's not their burden."

## ISSUE

Did the trial court err in refusing to instruct the jury the State bears the burden of disproving self-defense beyond a reasonable doubt?

## LAW/ANALYSIS

■ Addison contends the "trial judge erred in refusing to instruct the jury that the State bears the burden of disproving self-defense beyond a reasonable doubt." We disagree.

Historically, in South Carolina, self-defense was an affirmative defense. A defendant was required to prove the elements of self-defense by a preponderance of the evidence. *See State v. Bolton,* 266 S.C. 444, 223 S.E.2d 863 (1976). However, our Supreme Court changed the law of self-defense in *State v. Davis,* 282 S.C. 45, 317 S.E.2d 452 (1984). In *Davis,* the Court gave the trial bench a model self-defense charge:

Self-defense is a complete defense. If established, you must find the defendant not guilty. There are four elements required by law to establish self-defense in this case.

First, the defendant must be without fault in bringing on the difficulty. Second, the defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or he actually was in such imminent danger. Third, if his defense is based upon his belief of imminent danger, a reasonably prudent man of ordinary firmness and courage would have entertained the same belief. If the defendant actually was in imminent danger, the circumstances were such as would warrant a man of ordinary prudence, firmness and courage to strike the fatal blow in order to save himself from serious bodily harm or losing his own life. Fourth, the defendant had no other probable means of avoiding the danger of losing his own life or sustaining serious bodily injury than to act as he did in this particular instance. If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense. These are the elements of self-defense.

If you have a reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense, then you must find him not guilty. On the other hand, if you have no reasonable doubt of the defendant's guilt after considering all the evidence including the evidence of self-defense then you must find him guilty.

*Davis*, 282 S.C. at 46, 317 S.E.2d at 453. In *State v. Glover*, 284 S.C. 152, 154, 326 S.E.2d 150, 151 (1985), the Court held "the charge approved in *Davis* shall be applied in all cases tried subsequent to the date of that decision."

The Court revisited the issue in *State v. Bellamy*, 293 S.C. 103, 105, 359 S.E.2d 63, 64 (1987), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). Examining a charge which stated the defendant who pleads self-defense is required to prove the elements of that defense by a preponderance of the evidence, the Court ruled the charge was "in direct contravention of the model charge given in *Davis, supra,* and made mandatory in *Glover, supra.*" After quoting the relevant portion of the self-defense charge in *Davis,* the Court explained the status of self-defense law: "It is clear that the defendant need not establish self-defense by a preponderance of the evidence but must merely produce evidence which causes the jury to have a reasonable doubt

regarding his guilt." *Id.* at 105, 359 S.E.2d at 64–65. Immediately following this statement, in footnote 1, the Court referenced a passage from *The Criminal Law of South Carolina:* "As Professor McAninch observed, 'The clear implication of the proposed instruction in *Davis* is that self-defense is no longer to be considered an affirmative defense which must be established by the defendant by a preponderance of the evidence. [I]f any reasonable doubt remains as to self-defense, the jury must acquit.' W. McAninch & W. Fairey, *The Criminal Law of South Carolina,* 101 (Supp.1986)." *Id.* at 105, 359 S.E.2d at 65. The Court acknowledged Respondent's contention that under *Martin v. Ohio,* 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987), "a state may require a defendant to prove self-defense by a preponderance of the evidence." Yet, the Court declined to address this assertion, concluding "[w]hile the charge may be constitutionally permissible, it does not comport with South Carolina Law." *Id.* at 105, 359 S.E.2d at 65.

Indubitably, the law of self-defense has changed to the benefit of a defendant. However, the change has not been so dramatic that the State is now required to disprove a defendant's claim of self-defense as Addison asserts. In support of his argument, Addison relies on an isolated sentence from *State v. Wiggins,* 330 S.C. 538, 544, 500 S.E.2d 489, 492–93 (1998), which states: "current law requires the State to disprove self-defense, once raised by the defendant, beyond a reasonable doubt." *Wiggins* does not support Addison's contention. First, *Wiggins* does not address the issue presented in this case. In *Wiggins,* the issue posited was whether the trial judge erred in refusing to direct a verdict of acquittal because Appellant was acting in self-defense as a matter of law. The sentence in *Wiggins* which Addison relies upon is contained in the Court's discussion of whether the trial court erred in denying the defendant's motion for a directed verdict. Although Wiggins' argument was based on self-defense, the specific question of whether the State is required to disprove self-defense was *not* an issue in the case.

Second, the sentence Addison extracts from *Wiggins* in support of his argument is dicta and is neither binding nor illuminating on the issue at bar. *See Drummond v. Beasley,* 331 S.C. 559, 503 S.E.2d 455 (1998) (characterizing as dicta

certain language in a case concerning a subject not within the question before the court); *Hampton v. Richland County Council*, 296 S.C. 72, 72, 370 S.E.2d 714, 714 (1988) (concluding discussion of a legal principle in an opinion was dicta where it was "clearly unnecessary to a resolution of the issue before the court"); *Welborn v. Dixon*, 70 S.C. 108, 49 S.E. 232 (1904) (dicta is not binding as precedent); *Dennis v. South Carolina Nat'l Bank*, 299 S.C. 34, 39, 382 S.E.2d 237, 240 (Ct.App.1988) (construing language in a case as dicta because it was "an expression or statement by the court on a matter not necessarily involved in the case nor necessary to a decision thereof").

Third, in *Wiggins*, the sentence relied upon by Addison is followed by citations to two cases: *State v. Fuller*, 297 S.C. 440, 377 S.E.2d 328 (1989), and *State v. Bellamy*, 293 S.C. 103, 105, 359 S.E.2d 63, 64 (1987). The language in question is not referenced or cited in *Bellamy*. Moreover, the issue in *Bellamy* was whether the trial judge erred in charging the jury that the accused is required to establish the plea of self-defense by the preponderance or the greater weight of the evidence. That is not the issue in this case.

In *Fuller*, our Supreme Court only considered the issue of whether the trial judge erred in limiting the self-defense charge to the language found in *State v. Davis*, 282 S.C. 45, 317 S.E.2d 452. (1984). The Court determined the language of the trial judge's charge "was taken directly from the *Davis* case." This is inaccurate. The charge in *Fuller* is not a *haec verba* charge from *Davis*. Juxtaposing the two charges reveals:

(1) Charge in *Davis:* "If, however, the defendant was on his own premises he had no duty to retreat before acting in self-defense ."

(2) Charge in *Fuller:* "If, however, the defendant was— correction on that, absence of self-defense must be proven by the prosecution beyond a reasonable doubt."

Facially and legally, the sentences in *Davis* and *Fuller* are contradictions. The *Davis* model charge does *not* impose upon the State the burden of disproving self-defense beyond a reasonable doubt. The sentence Addison cites from *Wiggins* has its etiology in the trial judge's addition of the phrase in his

charge in *Fuller*. The trial judge in *Fuller* does this without any prior precedent. Certainly, this was *not* an issue in *Fuller*.

■ Addison's reliance upon *Wiggins* is misplaced. The *Wiggins* language relied upon by Addison has not been adopted by the South Carolina Supreme Court in a *jury charge setting*. *See State v. Bellamy*, 293 S.C. 103, 359 S.E.2d 63 (1987), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991); *State v. Glover*, 284 S.C. 152, 326 S.E.2d 150 (1985); *State v. Davis*, 282 S.C. 45, 317 S.E.2d 452 (1984). In South Carolina, a defendant need not establish self-defense by a preponderance of the evidence but must merely produce evidence which causes the jury to have a reasonable doubt regarding his guilt. *See Bellamy, supra.* Nowhere in *Davis* or its progeny does the Supreme Court mandate that trial courts charge the jury the State bears the burden of disproving self-defense beyond a reasonable doubt.

■ Addison challenges the jury charge in two additional respects. He complains the court confused the issue with the statement, "they don't automatically have to prove" self-defense. He further alleges the charge "seemed to place the burden on the jury . . . to establish a reasonable doubt" when the court instructed: "If you find that within the evidence, [self-defense is] there and the fact that you find it or talk about it raises a reasonable doubt, then the State hasn't proven it because you've established a reasonable doubt." These grounds were not offered at trial in support of the objections to the charge or re-charge and may not be considered for the first time on appeal. The record shows that at trial counsel objected to the charge and posited the following sole ground in support of this objection: "Your Honor, I still believe that the prosecution must disprove." Addison is limited to the grounds raised at trial. *See State v. Patterson*, 324 S.C. 5, 482 S.E.2d 760 (1997) (party cannot argue one ground below and another ground on appeal); *State v. Whipple*, 324 S.C. 43, 476 S.E.2d 683 (1996) (party may not raise a ground not asserted below on appeal); *State v. Tucker*, 319 S.C. 425, 462 S.E.2d 263 (1995) (a party may not argue one ground below and then argue different ground on appeal); *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989) (issue not preserved for appeal where one ground is raised below and another

ground is raised on appeal). *See also State v. Perez,* 334 S.C. 563, 514 S.E.2d 754 (1999) (issue may not be raised for first time on appeal, but must have been raised to and ruled on by trial judge to be preserved for appellate review).

In any event, the trial judge's instructions, when considered as a whole, adequately charged the jury on self-defense and did not shift the burden of proof to the jury or the defendant. Thus, we find no error in the judge's instructions. *See State v. Smith,* 315 S.C. 547, 446 S.E.2d 411 (1994) (jury instructions must be considered as a whole, and if as a whole they are free from error, any isolated portions which might be misleading do not constitute reversible error); *State v. Hoffman,* 312 S.C. 386, 440 S.E.2d 869 (1994) (a jury charge which is substantially correct and covers the law does not require reversal).

■ The self-defense issue is *not* related to the conviction for kidnapping. The trial judge separately and distinctly charged the jury in regard to the offenses of ABIK and kidnapping. Additionally, in his brief, Addison poses only one issue: "Whether the trial judge erred in refusing to instruct the jury that the state bears the burden of disproving self-defense beyond a reasonable doubt, thereby depriving appellant of due process." Notwithstanding the failure of Addison to identify any additional issue, he makes a cursory and conclusory argument in the last paragraph of his brief:

> However, the assault charge was inextricably intertwined with the kidnapping charge. Moreover, burden of proof and credibility are necessarily related concepts. There is a reasonable likelihood that the incorrect jury instruction as to the burden of proving self-defense tainted the jury's view of appellant's overall credibility, with respect to kidnapping as well as assault and battery with intent to kill.

Conclusory arguments constitute an abandonment of the issue on appeal. *State v. Tyndall,* 336 S.C. 8, 518 S.E.2d 278 (Ct.App.1999). *See also State v. Colf,* 332 S.C. 313, 504 S.E.2d 360 (Ct.App.1998) (issue is deemed abandoned if argument in brief is merely conclusory); *State v. Black,* 319 S.C. 515, 462 S.E.2d 311 (Ct.App.1995) (a conclusory argument of an issue by appellant amounts to an abandonment of the issue). Addison presented to this Court only a conclusory three sentence argument, citing no authority.

## *CONCLUSION*

We hold the State does *not* bear the burden of *disproving* self-defense beyond a reasonable doubt. The *Davis* model charge is mandatory. Accordingly, Addison's convictions for ABIK and kidnapping are

**AFFIRMED.**

CONNOR, J., concurs.

STILWELL, J., dissents in a separate opinion.

STILWELL, Judge (dissenting):

I respectfully dissent. I believe that Addison was entitled to the requested charge and the denial of his request was reversible error.

Addison maintains that the trial court erred in refusing to charge the jury that the State must disprove self-defense and cites the recent case of *State v. Wiggins,* 330 S.C. 538, 500 S.E.2d 489 (1998), for that proposition. In *Wiggins,* the supreme court stated "current law requires the State to disprove self-defense, once raised by the defendant, beyond a reasonable doubt." *Id.* at 544, 500 S.E.2d at 492–93.

The majority refers to this as an isolated sentence that is dicta and maintains that the law cited in support of that proposition does not support the statement. While I agree that the statement may well be an erroneous summary of the law, I do not think it was dicta under the circumstances of the *Wiggins* case. Therefore, I believe it is current law by which both this court and the trial courts are bound. Generally, a defendant is entitled to a requested jury charge as long as it is a correct statement of law on an issue raised by both the indictment and evidence presented at trial. *State v. Austin,* 299 S.C. 456, 458, 385 S.E.2d 830, 831 (1989). Therefore, I would reverse Addison's ABIK conviction and remand for a new trial on that count.