**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jason Franklin Carver, Appellant.

Appellate Case No. 2017-002011

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2021-UP-278
Submitted June 1, 2021 – Filed July 21, 2021

**AFFIRMED**

Donald Loren Smith, of Attorney Office of Donald Smith, of Anderson, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody J. Brown, all of Columbia, for Respondent.

**PER CURIAM:** In this criminal matter, Jason Franklin Carver appeals his conviction for murder. Carver argues the trial court violated his due process rights

and erred in (1) denying his motion for a new trial, (2) charging the jury on "the hand of one, hand of all" doctrine, and (3) failing to direct a verdict in his favor. We affirm.

1. We find the trial court did not abuse its discretion in denying Carver's motion for a new trial on the basis of after-discovered evidence. *See State v. Garrett*, 350 S.C. 613, 619, 567 S.E.2d 523, 526 (Ct. App. 2002) ("[T]he grant or refusal of a new trial is within the trial [court's] discretion and will not be disturbed on appeal without a clear abuse of that discretion."); *State v. Hughes*, 346 S.C. 339, 342, 552 S.E.2d 35, 36 (Ct. App. 2001) ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law.").

The evidence that Carver asserts warrants a new trial was not material and is merely cumulative to the evidence presented at trial; it would not have changed the result if a new trial was granted. *See State v. Spann*, 334 S.C. 618, 619–20, 513 S.E.2d 98, 99 (1999) ("In order to prevail in [a] new trial motion, [the] appellant must show the after-discovered evidence[] (1) is such that it would probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not in the exercise of due diligence have been discovered prior to the trial; (4) is material; and (5) is not merely cumulative or impeaching.").

2. We find the trial court did not abuse its discretion in denying Carver's motion for a new trial on the basis that he was deprived of a fair trial. *See Garrett*, 350 S.C. at 619, 567 S.E.2d at 526 ("[T]he grant or refusal of a new trial is within the trial [court's] discretion and will not be disturbed on appeal without a clear abuse of that discretion.").

The State filing different charges against Carver and his two codefendants did not deprive him of a fair trial. The State has prosecutorial discretion, and Carver failed to establish a claim for selective prosecution. *See Ex parte Littlefield*, 343 S.C. 212, 218, 540 S.E.2d 81, 84 (2000) ("The South Carolina Constitution and case law place the unfettered discretion to prosecute solely in the prosecutor's hands."); *State v. Geer*, 391 S.C. 179, 195, 705 S.E.2d 441, 449 (Ct. App. 2010) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." (alteration in original) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978))); *id.* at 194, 705 S.E.2d at 449 (finding that to establish a claim for selective prosecution, a defendant must demonstrate (1) he was singled out for prosecution while others who were similarly situated were not prosecuted for

similar conduct and (2) the discriminatory selection for prosecution was based on an impermissible ground).

The trial court also did not err in denying Carver a new trial based on his codefendant's deferred sentencing. *State v. Wright*, 269 S.C. 414, 417, 237 S.E.2d 764, 766 (1977) ("An unsentenced codefendant is a competent witness for the State.").

Further, the State's failure to provide Carver with a recording of its meeting with his codefendant prior to trial or with information regarding his codefendant's plea bargain did not deprive Carver of a fair trial. The court adjourned for the day to allow Carver the opportunity to review the tape-recording that was withheld from him prior to trial. Therefore, Carver was aware of his codefendant's plea bargain and sentence deferment, and Carver was able to cross-examine him regarding any negotiations with the State. *See* Rule 5(a)(2), SCRCrimP ("[T]his rule does not authorize the discovery or inspection of . . . statements made by prosecution witnesses or prospective prosecution witnesses."). Thus, the trial court did not err in denying Carver a new trial. *See State v. Newell*, 303 S.C. 471, 476, 401 S.E.2d 420, 423 (Ct. App. 1991) ("Rule 5(d)(2), [SCRCrimP] . . . gives the court a broad discretion in deciding what should be done whe[n] material that should have been produced in response to an earlier request does not become known until during or just before the trial."); *id.* at 476, 401 S.E.2d at 423–24 (finding the trial court did not abuse its discretion in refusing to suppress statements because the court recessed trial to allow the defendant the opportunity to interview a witness); *State v. Kerr*, 330 S.C. 132, 150, 498 S.E.2d 212, 221 (Ct. App. 1998) ("Sanctions for noncompliance with disclosure rules are within the discretion of the trial [court] and will not be disturbed absent an abuse of discretion.").

3. We find the trial court did not err in refusing to direct a verdict in Carver's favor because the State produced evidence of Carver's presence at the scene of the shooting as a result of an arranged plan to undertake an illegal act. *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When reviewing a denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *id.* ("A defendant is entitled to a directed verdict when the state fails to produce evidence of the offense charged."); *State v. Bennett*, 415 S.C. 232, 235, 781 S.E.2d 352, 353 (2016) ("[An appellate c]ourt's review is limited to considering the existence or nonexistence of evidence, not its weight."); *Weston*, 367 S.C. at 292–93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [an appellate court] must find the case was properly

submitted to the jury."); *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 324 (Ct. App. 2002) ("Under the 'hand of one is the hand of all' theory [of accomplice liability], one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose."); *State v. Thompson*, 374 S.C. 257, 262, 647 S.E.2d 702, 705 (Ct. App. 2007) ("'[P]resence at the scene of a crime by pre-arrangement to aid, encourage, or abet in the perpetration of the crime constitutes guilt as a [principal].'" (second alteration in original) (quoting *State v. Hill*, 268 S.C. 390, 395–96, 234 S.E.2d 219, 221 (1977))).

4. We find the trial court did not violate Carver's due process rights when it refused Carver the opportunity to call his codefendant as a witness. Because Carver's codefendant made clear he would invoke his Fifth Amendment right against self-incrimination on the stand, it was desirable that the jury not have the ability to draw any inferences from the invocation. *See State v. Hughes*, 328 S.C. 146, 150, 493 S.E.2d 821, 823 (1997) ("It is desirable the jury not know that a witness has invoked the privilege against self-incrimination since neither party is entitled to draw any inference from such invocation."); *id.* at 152, 493 S.E.2d at 823 ("[N]either the [S]tate nor the defendant should be allowed to call witnesses who either side knows will invoke the Fifth Amendment in front of the jury and then be subject to inferences in a form not subject to cross-examination.").

5. We find the trial court neither abused its discretion nor denied Carver his right to due process when it denied his motion for a continuance to present his codefendant's nephew as a witness because the testimony of that witness would have been cumulative.[1] *See State v. Colden*, 372 S.C. 428, 437, 641 S.E.2d 912, 917 (Ct. App. 2007) ("The granting or denial of a motion for a continuance is within the sound discretion of the trial [court]."); *id.* at 435, 641 S.E.2d at 916 ("Reversals for the denial of a continuance 'are about as rare as the proverbial hens' teeth.'" (quoting *State v. McMillian*, 349 S.C. 17, 21, 561 S.E.2d 602, 604 (2002))); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (finding the trial court did not abuse its discretion in denying the defendant's motion for a continuance for

---

[1] Carver argues two witnesses he wished to call were unavailable. However, his appeal does not contain any arguments related to the second witness and that witness was not mentioned by name. Therefore, we find any argument as to the second witness was abandoned. *See State v. Addison*, 338 S.C. 277, 285, 525 S.E.2d 901, 906 (Ct. App. 1999) ("Conclusory arguments constitute an abandonment of the issue on appeal.").

the purpose of locating two alibi witnesses because two separate alibi witnesses had already testified and any additional testimony would have been cumulative).

6. We find the trial court did not abuse its discretion or deny Carver his right to due process when it did not allow him to recall a detective as a witness because Carver was able to cross-examine the detective as to the relevant subject matter.[2] *See State v. Sullivan*, 277 S.C. 35, 46, 282 S.E.2d 838, 844–45 (1981) (applying an abuse of discretion standard of review when determining whether the trial court erred in permitting the State to recall a witness), *superseded in part on other grounds by* Rule 801(d)(2)(E), SCRE, *as recognized in State v. Gilchrist*, 342 S.C. 369, 372 n.1, 536 S.E.2d 868, 869 n.1 (2000); *State v. Gillian*, 360 S.C. 433, 449, 602 S.E.2d 62, 71 (Ct. App. 2004) ("The Confrontation Clause guarantees an accused the right 'to be confronted with the witnesses against him.'" (quoting U.S. Const. amend. VI)); *id.* at 449–50, 602 S.E.2d at 71 ("The Sixth Amendment rights to notice, confrontation, and compulsory process guarantee that a criminal charge may be answered through the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence."); *id.* at 450, 602 S.E.2d at 71 ("Specifically included in a defendant's Sixth Amendment right to confront the witness is the right to meaningful cross-examination of adverse witnesses.").

7. As to Carver's assertions that (1) he should have been granted a new trial and was denied due process because he was not informed of the charges against him; (2) the trial court erred in charging the jury on the "hand of one, hand of all doctrine"; (3) his due process rights were violated by the trial court's efforts to explain his codefendant's Fifth Amendment rights; and (4) his rights to due process and a fair trial were impaired because the trial court's actions suggested a lack of neutrality, we find these arguments are unpreserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693–94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal.").

---

[2] Carver also argues the trial court erred by not allowing him to recall another witness. However, his appeal did not make any arguments or cite any authority related to this witness. Therefore, we find this argument was abandoned. *See Addison*, 338 S.C. at 285, 525 S.E.2d at 906 ("Conclusory arguments constitute an abandonment of the issue on appeal.").

**AFFIRMED.**[3]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.